# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD J. SAVALA, SR., <br><br> Plaintiff, <br><br> vs. <br><br> MARGARET MIMS, et al., <br><br> Defendants. | 1:14-cv-01232-LJO-GSA-PC <br><br> FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITHOUT PREJUDICE, FOR PLAINTIFF'S FAILURE TO PROSECUTE <br><br> OBJECTIONS, IF ANY, DUE WITHIN TWENTY (20) DAYS |

**I.     BACKGROUND**

Richard J. Savala, Sr. ("Plaintiff") is a Fresno County Jail inmate proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on August 6, 2014. (Doc. 1.)

**II.    FINDINGS**

On August 6, 2014, the court mailed case documents to Plaintiff, including notice of his new case and an order requiring Plaintiff to complete and return the court's consent-to-Magistrate form within thirty days. (Doc. 3.) On August 7, 2014, the court issued an order granting Plaintiff leave to proceed in forma pauperis. (Doc. 4.) The documents and orders were served upon Plaintiff at his last known address at Fresno County Jail in Fresno, California. (Docs. 3, 4 - notice of electronic filing.)

On August 12, 2014 and August 13, 2014, the United States Postal Service returned the documents and orders as undeliverable. (Court Docket.) Notations on the envelopes indicated that Plaintiff is "Not in Custody." (Id.) Plaintiff has not notified the court of any change in his address. Absent such notice, service at a party's prior address is fully effective. Local Rule 182(f). Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the court apprised of his or her current address at all times. Local Rule 183(b) provides:

> "A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute."

In this case, more than sixty-three days have passed since Plaintiff's mail was returned, and he has not notified the court of a current address.

In determining whether to dismiss an action for lack of prosecution, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the respondents; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Omstead v. Dell, 594 F.3d 1081, 1084 (9th Cir. 2010). The court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal, as this case has been pending since August 6, 2014. The court cannot hold this case in abeyance indefinitely based on Plaintiff's failure to notify the court of his address. The third factor, risk of prejudice to respondents, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976); In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1228-29 (9th Cir. 2006). The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, given the court's inability to communicate with Plaintiff

///

based on Plaintiff's failure to keep the court apprised of his current address, no lesser sanction is feasible.

### III.     RECOMMENDATIONS

Based on the foregoing, the court HEREBY RECOMMENDS that this action be DISMISSED without prejudice, based on Plaintiff's failure to prosecute.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty (20) days** after being served with these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 5, 2014**                    **/s/ Gary S. Austin**
                                                                         UNITED STATES MAGISTRATE JUDGE